UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry SHAVERS, Defendant-Appellant.

No. 86–5051.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1987.
Decided June 22, 1987.

Julius H. Corpening, II, Wilmington, N.C., on brief, for defendant-appellant.

Lee Rangeley Wallace, Dept. of Justice, Washington, D.C., (Samuel T. Currin, U.S. Atty., Raleigh, N.C., on brief), for plaintiff-appellee.

Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior District Judge for the District of South Carolina, sitting by designation.

BUTZNER, Senior Circuit Judge:

Larry Shavers appeals a judgment entered on a verdict that found him guilty of conspiracy to rob a bank, armed bank robbery, using a firearm in the commission of an armed bank robbery, kidnapping, and using a firearm in the course of the kidnapping. The district court imposed maximum, consecutive prison sentences on all counts. Shavers' numerous assignments of error concerning the admission and sufficiency of evidence need no discussion, for clearly they do not warrant reversal. His assignment of error pertaining to the reason the court imposed maximum sentences requires that the judgment be vacated and the case be remanded for resentencing. Other complaints about the sentences are ill founded.

## I

During his allocution, Shavers told the court that he was going to appeal. Shavers' counsel asked the court not to impose a greater sentence than 30 years. He pointed out that this was the sentence imposed on Shavers' brother, his partner in crime, who had pled guilty. This colloquy followed:

PROSECUTOR: Your honor, a few brief remarks. First, in response to what defense counsel has said on behalf of the defendant—

THE COURT: (interposing) Well, let me ask you this, . . .: If the court impos-

es light sentences in this and the defendant should prevail on appeal, then on retrial he would be limited to the amount of sentence imposed at this time? Isn't that correct?

PROSECUTOR: That is correct, your honor.

THE COURT: And so he would be in effect moving the punishment down by having a modest sentence in this case; wouldn't he?

PROSECUTOR: That is correct, your honor.

THE COURT: And he wouldn't have anything to lose by doing that? He would get a light sentence at this end and then have his chances on appeal. If he prevailed on appeal, he would have really beat the system; wouldn't he?

PROSECUTOR: Exactly, your honor.

THE COURT: Okay.

PROSECUTOR: I have a few brief points—

THE COURT: (interposing) That's just the way it works, and of course that is a constitutional protection. We want everybody to have that because we don't want to deter them from appealing or having their rights to appeal; isn't that correct?

PROSECUTOR: That is correct, your honor.

THE COURT: And so typically what a court might want to do is impose the maximum sentence to assure that if there is a reversal on appeal and a retrial that the next court could entertain it just as openly?

PROSECUTOR: That is correct, your honor, giving the court as much room to operate as possible.

THE COURT: Okay.

 Generally appellate courts lack authority to review sentences that are within statutory limits. *See United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Among the exceptions to this general rule is the prohibition against increasing a prisoner's sentence on retrial because he exercised his right to appeal. *See North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072,

2080, 23 L.Ed.2d 656 (1969). A corollary to this principle prohibits imposing a maximum sentence because the court believes that the prisoner might successfully appeal. Enhanced sentencing because of the prospect of an appeal can serve to deter appeals as effectively as an enhanced sentence after appeal. In both situations the prisoner is deprived of liberty without due process of law by the danger of retaliation for exercising his right to appeal. *See Bordenkircher v. Hayes,* 434 U.S. 357, 362–63, 98 S.Ct. 663, 667–68, 54 L.Ed.2d 604 (1978). Both situations disclose what the Supreme Court has described as increased punishment that poses "a realistic likelihood of 'vindictiveness.'" *See Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). The "likelihood of vindictiveness," as the term is used by the Court, does not impute an evil motive or ill intention to the sentencing judge or to the prosecutor. It describes an erroneous exercise of discretion that punishes, not only for a crime, but also "for doing something the law plainly allowed ..." *United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982).

The rationale for sentencing revealed by the colloquy between the court and the prosecutor disregards the principle undergirding *Pearce.* If a prisoner deserves a certain prison sentence before appeal, he deserves a sentence that is no more severe after appeal and retrial, in the absence of misconduct subsequent to the entry of the initial judgment. *See Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081. To impose a sentence in excess of that which is otherwise warranted simply because the prisoner intends to appeal improperly allows the court to impose the same excessive sentence after retrial because of the appeal. The violation of the due process clause is readily apparent. The Supreme Court's mandate of *Pearce* must not be so easily avoided.

■ A court may exercise broad discretion when it imposes sentence, and it may consider every aspect of a prisoner's crime and criminal record. But it does not have discretion to enhance an otherwise appropriate sentence because the prisoner intends to appeal. The court's colloquy with the prosecutor discloses a realistic likelihood that Shavers' punishment was increased in anticipation of his appeal. The judgment of the district court must be vacated and the case remanded for resentencing.

Although this disposes of Shavers' appeal, we will decide two other assignments of error so they need not be considered on remand.

## II

Comparing his brother's 30–year sentence after a plea of guilty, Shavers contends that his own sentence to life imprisonment plus 40 years resulted from his demand for a jury trial. The record does not support this contention. The district court denied that Shavers was punished because he pled not guilty and asked for a jury. Although Shavers and his brother committed the same crimes, the court noted that Shavers' brother had admitted his guilt. The prosecutor emphasized that the brother's criminal record was less serious than Shavers'. Moreover, Shavers' intention to appeal—not his demand for a jury—appears to be the reason for the consecutive, maximum sentences.

## III

■ Shavers argues that his conviction for using a firearm in violation of § 924(c) in conjunction with his conviction for armed bank robbery under 18 U.S.C. § 2113(d) constitutes double jeopardy. He relies on a line of cases proceeding from *Simpson v. United States,* 435 U.S. 6 (1978), which held that a defendant tried for armed bank robbery may not be sentenced for violating both § 924(c) and § 2113(d). Relying upon legislative history and canons of statutory construction, the Court in *Simpson* concluded that Congress did not intend enhanced sentencing under § 924(c) when the predicate felony statute has an enhancement provision of its own.

Six years after *Simpson,* Congress amended § 924(c) to expressly provide that

it applied to felonious crimes of violence including those which imposed enhanced punishment if committed by the use of a deadly weapon. The amendment makes the punishment imposed by § 924(c) for use of a dangerous weapon additional to the punishment imposed for the crime of violence committed by the use of a deadly weapon. In short, in the context of Shavers' case, Congress intended the imposition of cumulative punishment for violation of armed bank robbery, § 2113(d), and use of a dangerous weapon, § 924(c). The rationale of *Simpson* therefore is no longer controlling.

Congress could have achieved the same result by amending each statute that punishes a crime of violence when a dangerous weapon is used to provide for an increased penalty. Its amendment of § 924(c), instead of all the predicate felony statutes, does not violate the double jeopardy clause. Cumulative punishments prescribed by Congress are constitutional. *See Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1984). The district court did not err by imposing consecutive sentences for violation of § 2113(d) and § 924(c).

The adjudication of guilt on all counts is affirmed. The judgment is vacated, and the case is remanded for resentencing.