**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael HOLLOWAY,
Defendant–Appellant.**

No. 90–3059
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1990.

Michael Holloway, Bastrop, Tex., pro se.

Robert J. Boitman, Lawrence Benson, Asst. U.S. Attys., John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before WILLIAMS, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a) and (d) and use of a firearm to commit the robbery, 18 U.S.C. § 924(c). He was sentenced to fifteen years imprisonment for the armed bank robbery and a consecutive five years of imprisonment for the use of the firearm. He filed a motion pursuant to 28 U.S.C. § 2255 claiming that the consecutive five-year sentence constituted double jeopardy. His motion was denied. He unsuccessfully moved for reconsideration alleging ex post facto application of 18 U.S.C. § 924(c). Appellant timely appealed. We affirm.

Appellant argues that he cannot be sentenced under both 18 U.S.C. § 2113(a) and (d) (armed bank robbery) and 18 U.S.C. § 924(c) (use of a firearm during and in relation to a crime of violence), since both arise out of a single transaction of bank robbery with a firearm. He relies upon *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) and *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) to support his claim that his sentence constitutes double jeopardy.

Where Congress authorizes cumulative punishments for even the same offense, the Double Jeopardy Clause of the Fifth Amendment is not offended. *Missouri v. Hunter*, 459 U.S. 359, 367, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Section 924(c) was amended by the Comprehensive Crime Control Act of 1984 to include a mandatory penalty for the use of a firearm during a federal crime of violence and to statutorily overrule *Simpson* and *Busic*. Its legislative history clearly shows that Congress intended to completely revise § 924(c) so that it would serve as a cumulative punishment in addition to that provided for the underlying violent crime. Pub.L. No. 98–473 § 1005, 98 Stat. 1837, 2138.

Appellant then relies on *United States v. Gibson*, 820 F.2d 692 (5th Cir.1987) to argue that there cannot be imposed two sentences for the use of a weapon during an offense. In *Gibson*, this court did vacate sentences imposed under 18 U.S.C. §§ 2111 and 2114 on the ground that § 2111 was

comparable to a lesser included offense and there was no guidance as to whether Congress intended to prescribe an additional punishment for the same offense or not. Applying the rule of lenity to this ambiguity the court vacated the sentences. *Gibson*, 820 F.2d at 698–99. However, *Gibson* is inapplicable here because here there is no ambiguity.

Other circuits have followed the clear legislative intent and held that the Double Jeopardy Clause does not prohibit convictions and sentences under both §§ 924(c) and 2113(d). *United States v. Harris*, 832 F.2d 88, 91 (7th Cir.1987); *United States v. Shavers*, 820 F.2d 1375, 1377–78 (4th Cir. 1987); *United States v. Doffin*, 791 F.2d 118, 120–121 (8th Cir.), *cert. denied*, 479 U.S. 861, 107 S.Ct. 210, 93 L.Ed.2d 140 (1986); *United States v. Blocker*, 802 F.2d 1102, 1103 (9th Cir.1986). We hereby do likewise.

■ Appellant next contends that the consecutive five-year term of imprisonment imposed upon him constituted an ex post facto application of the 1984 amendment of § 924(c) because that amendment did not become effective until 36 months after it was enacted. Appellant erroneously relies on the effective date provision found in § 235(a)(1) of the Comprehensive Crime Control Act of 1984. That section was enacted as Chapter 2 of the Act and contained an amendment to § 924(a). The amendment to § 924(c) was enacted in Chapter 10 of the Act. Pub.L. No. 98–473, 98 Stat. 1837, 2138 (1984). The effective date of the amendment to § 924(c) was October 12, 1984. *United States v. Robinson*, 865 F.2d 171, 172 (8th Cir.1989); *United States v. York*, 830 F.2d 885, 892 (8th Cir.1987), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988). The amendment was, therefore, correctly applied to Holloway's March 1986 offense.

AFFIRMED.