**UNITED STATES of America**

v.

**Muchaka ZUKINTA.**

No. CR–1–93–05.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Sept. 9, 1993.

John MacCoon, Asst. U.S. Atty., Chattanooga, TN, for U.S.

Deirdra J. Brown and Perry H. Piper, Chattanooga, TN, for Muchaka Zukinta.

## AMENDED MEMORANDUM AND ORDER

EDGAR, District Judge.

Defendant has filed a motion to dismiss Count 2 of the superseding indictment on the ground that it violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.[1]

Count 1 of the superseding indictment charges the defendant with taking a motor vehicle by force and violence from the presence of another while possessing a firearm in violation of 18 U.S.C. § 2119. Count 2 charges the defendant with violating 18 U.S.C. § 924(c) by using and carrying a firearm, *i.e.*, the same firearm, during and in relation to a crime of violence, namely the crime charged in Count 1. These counts arise out of a single incident whereby defendant allegedly committed the theft of a motor vehicle from Archie Cross, Jr. on or about December 14, 1992.

Defendant argues there is double jeopardy because the indictment on its face shows the same proof is required as to these two counts without any requirement of additional facts. Defendant urges the Court to follow and apply the test established by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as applied in *United States v. Singleton*, 824 F.Supp. 609 (E.D.La.1993). This Court disagrees with the defendant's analysis and concludes it is not necessary to utilize the *Blockburger* test to resolve the double jeopardy claim.

■ The Double Jeopardy Clause of the Fifth Amendment embodies three types of protection. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Grady v. Corbin*, 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990);[2] *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

■ The present case only involves the question of multiple punishments in the context of a single criminal proceeding. It is well settled that Congress may choose to impose multiple or cumulative punishments for the same offense without violating the Fifth Amendment. *Grady*, 495 U.S. at 516–17, 110 S.Ct. at 2090–91; *Missouri v. Hunter*, 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1024, 122 L.Ed.2d 170 (1993). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Hunter*, 459 U.S. at 366, 103 S.Ct. at 678; *see also Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). The key to resolving the double

---

1. The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same events to be twice put in jeopardy of life or limb."

2. The Supreme Court has overruled *Grady* in *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), on grounds which do not affect the decision here.

jeopardy claim is to determine whether Congress, when enacting 18 U.S.C. § 924(c), intended to impose cumulative punishment upon the defendant for certain crimes.

In cases involving multiple charges in a single criminal proceeding, the federal courts have often utilized the *Blockburger* test to interpret criminal statutes where legislative intent is unclear. *See, e.g., Grady,* 495 U.S. at 516–17, 110 S.Ct. at 2090–91; *United States v. Barrett,* 933 F.2d 355, 360–61 (6th Cir.1991). The *Blockburger* test is a rule of statutory construction developed by the Supreme Court to determine whether Congress intended multiple or cumulative punishments. *Grady,* 495 U.S. at 517 n. 8, 110 S.Ct. at 2091 n. 8. It is not necessary to resort to the *Blockburger* test in the present case because the legislative intent of Congress is absolutely clear in the language of 18 U.S.C. § 924(c). *See United States v. Paternostro,* 966 F.2d 907, 911 (5th Cir.1992) ("Our task of statutory interpretation is at an end once we determine that cumulative punishment is specifically authorized; we need not determine whether these offenses are the same under the *Blockburger* analysis. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).").

Section 924(c) provides in part:

(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced un-

der this subsection shall be eligible for parole during the term of imprisonment imposed herein.

. . . .

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Congress intended § 924(c) to provide cumulative punishment for persons convicted under other statutes for committing violent crimes using firearms. *United States v. Garrett,* 903 F.2d 1105, 1114 (7th Cir.), *cert. denied,* 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990). The imposition of cumulative punishment upon a defendant pursuant to § 924(c) does not violate the right against double jeopardy under the Fifth Amendment. *Jackson v. United States,* 976 F.2d 679, 681 (11th Cir.1992); *United States v. Martin,* 961 F.2d 161, 163 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 271, 121 L.Ed.2d 200 (1992); *United States v. Dumas,* 934 F.2d 1387, 1389 (6th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 641, 116 L.Ed.2d 658 (1991); *United States v. Holloway,* 905 F.2d 893, 895 (5th Cir.1990); *Garrett,* 903 F.2d at 1114–15; *United States v. Moore,* 917 F.2d 215, 228–230 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991); *United States v. Mills,* 835 F.2d 1262, 1263 (8th Cir.1987); *United States v. Harris,* 832 F.2d 88 (7th Cir.1987). Thus, the prosecution of defendants for violating both 18 U.S.C. §§ 2119 and 924(c) does not constitute double jeopardy.

■ Assuming *arguendo* that the *Blockburger* test should be followed in the present case, its application does not afford the defendants any relief. *Blockburger* holds: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

one, is whether each provision requires proof of an additional fact which the other does not." *Id.* 284 U.S. at 304, 52 S.Ct. at 182. When this test is applied here, it is clear that there is no double jeopardy.

In order to prove Count 2 which charges defendant with violating 18 U.S.C. § 924(c), the government is required to prove two elements: (1) that the defendant knowingly used or carried a firearm, and (2) the use or carrying of the firearm occurred during and in relation to a "crime of violence" as defined by § 924(c)(3). *Garrett,* 903 F.2d at 1111.

Count 1 charges defendant with armed carjacking in violation of 18 U.S.C. § 2119. The elements which the government must prove under § 2119 are:

(1) Defendant took a motor vehicle from the person or presence of another;

(2) Defendant took the motor vehicle by using force and violence or by intimidation;

(3) Defendant possessed a firearm; and

(4) The motor vehicle has been transported, shipped, or received in interstate or foreign commerce.

When § 924(c) and § 2119 are compared and analyzed under the *Blockburger* test, there is no double jeopardy because each offense requires proof of at least one additional fact that the other does not. Section 2119 requires proof of the elements of taking a motor vehicle and it must be one which has been transported, shipped or received in interstate or foreign commerce. These two elements are not required to be proved under § 924(c). Section 924(c) requires ·the government to prove that the use or carrying of the firearm by the defendant occurred "during and in relation to" a crime of violence. Mere possession of a firearm is not enough to support a finding of guilt under § 924(c). The Sixth Circuit has interpreted the language "during and in relation to" in § 924(c) to mean that the government must prove there is a relationship between the firearm and the underlying offense which shows that the firearm at least facilitated the predicate offense. *United States v. Morrow,* 977 F.2d 222, 226 (6th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993); *United States v. Brown,*

915 F.2d 219, 224 (6th Cir.1990) (holding convictions under both 18 U.S.C. § 2114 ("armed robbery"), which provides for its own enhanced sentencing for carrying a firearm, and § 924(c) does not constitute double jeopardy). However, § 2119 does not require the government to prove the element that the firearm was used or carried during and in relation to the taking of the motor vehicle. Instead, § 2119 only requires mere possession of the firearm by the defendant. Thus, §§ 924(c) and 2119 constitute separate and distinct offenses for purposes of double jeopardy under the *Blockburger* test.

■ Although defendant has not specifically raised the argument that there is a double jeopardy problem between Count 2 and Count 3 which charges that defendant is a convicted felon who possessed a firearm in violation of 18 U.S.C. § 922(g)(1), the Court notes that the prosecution and conviction of defendant under both §§ 924(c) and 922(g)(1) does not constitute double jeopardy. *United States v. Berry,* 977 F.2d 915, 919 (5th Cir. 1992); *United States v. Young,* 936 F.2d 1050, 1056 (9th Cir.1991); *United States v. Lawrence,* 928 F.2d 36, 39 (2d Cir.1991); *Garrett,* 903 F.2d at 1114–15.

■ Finally, defendant also seems to be arguing there is double jeopardy because the same proof will be used by the government to prove the different counts in the indictment. Any such contention is without merit. It is immaterial whether the same evidence may be used by the government to prove the various charges against the defendant. A mere overlapping of the proof does not establish a double jeopardy violation. *United States v. Felix,* —— U.S. ——, ——, 112 S.Ct. 1377, 1379, 118 L.Ed.2d 25 (1992); *Grady,* 495 U.S. at 521 n. 12, 110 S.Ct. at 2093 n. 12; *Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *Illinois v. Vitale,* 447 U.S. 410, 416 n. 6, 100 S.Ct. 2260, 2265 n. 6, 65 L.Ed.2d 228 (1980); *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975); *United States v. Benton,* 852 F.2d 1456, 1465 (6th Cir.), *cert. denied,* 488 U.S. 993, 109 S.Ct. 555, 102 L.Ed.2d 582 (1988).

Accordingly, defendant's motion to dismiss Count 2 of the superseding indictment is **DENIED.**

SO ORDERED.