**UNITED STATES of America, Plaintiff,**

v.

**Jose L. ROMAN HERNANDEZ, Luis Raúl Rivera–Gómez, AKA Pito Canario, Defendants.**

**Crim. No. 94–002(HL).**

United States District Court, D. Puerto Rico.

April 21, 1994.

Mariangela Tirado–Vales, Hato Rey, PR, for Jose L. Roman–Hernandez.

Carlos A. Vazquez–Alvarez, Federal Public Defender, Old San Juan, PR, for Luis Raúl Rivera–Gómez.

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Defendant Luis Raúl Rivera–Gómez' ("Rivera") motion to dismiss counts four, five and six of the indictment on double jeopardy grounds and the government's opposition thereto. Defendant Jose L. Roman Hernandez ("Roman") has joined in Rivera's motion to dismiss. For the reasons set forth below, the Court denies the motion to dismiss and holds that the indictment in its present form does not violate the protections afforded by the double jeopardy clause.[1]

### FACTUAL BACKGROUND

This case arose out of three separate armed carjackings. On January 5, 1994 defendants Rivera and Roman were charged in a six count indictment. The indictment contains three counts for violating the firearm statute and three counts for violating the carjacking statute.

Defendants claim that charging them under both statutes violates the double jeopardy clause. Specifically, they argue that the two statutes fail the *Blockburger* test and that Congress has not clearly expressed its intent to impose cumulative punishment for violation of 18 U.S.C. §§ 924(c) and 2119.

The government has opposed the motion to dismiss claiming that the two statutes do not fail the *Blockburger* test because they do not require proof of the same elements. Notwithstanding, the government's opposition aims its artillery at Congressional intent.

---

1. The indictment contains six counts. Three of the counts charge violation of the "firearm" statute, 18 U.S.C. § 924(c). The remaining three counts charge violation of the "carjacking" statute, 18 U.S.C. § 2119.

## DISCUSSION

■ The Fifth Amendment to the United States Constitution provides, in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy for life or limb." U.S. Const. amend. V. This guarantee protects against three distinct constitutional violations. It safeguards against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *United States v. Sabini*, 842 F.Supp. 1448 (S.D.Fla.1994) (citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

■ Under the well known test under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), punishment for two statutory offenses arising out of the same criminal occurrence does not violate double jeopardy if "each provision requires proof of a fact the other does not." *United States v. Colon–Osorio*, 10 F.3d 41, 43 (1st Cir.1993) (citing *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182).

■ Once two statutes fail the *Blockburger* test, there is a presumption that Congress intended a single punishment. However, if Congress makes a clear indication of contrary legislative intent, the *Blockburger* test does not control. *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980); *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

"Where ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial judge may impose cumulative punishment under such statutes."

*Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679–80, 74 L.Ed.2d 535 (1983).

■ The issue before the Court—whether 18 U.S.C. §§ 924(c) and 2119 prohibit the same offense and whether multiple punishment under both statutes violate the double jeopardy clause—raises a question of first impression in this Circuit. In fact, only one Circuit Court has issued an opinion on this issue.[2]

In *United States v. Singleton*, 16 F.3d 1419 (5th Cir.1994), the Fifth Circuit faced the identical substantive issue presented to this Court. Procedurally however, the issue arose out of an appeal of the district court's dismissal of the firearm charge, instead of through a motion to dismiss as in the instant case. The issue, nevertheless, is the same.

The *Singleton* Court conducted a lengthy analysis of the two statutes pursuant to the double jeopardy clause and the well known *Blockburger* test. The Court concluded that even though 18 U.S.C. § 924(c) (firearm statute) and 18 U.S.C. § 2119 (carjacking statute) failed the Blockburger test,[3] cumulative punishment still could be imposed without violating the double jeopardy clause.

Accordingly, in concluding that there was no double jeopardy violation, the *Singleton* Court held that Congress had clearly intended cumulative punishment under the carjacking and firearm statutes. The Fifth Circuit advanced several arguments in support of its conclusion. First, the Court referred to the text of the firearm statute itself.

The text of the firearm statute provides in pertinent part:

---

**2.** This issue has in fact split the district courts. Nevertheless, a majority of the reported district court cases agree with the Fifth Circuit's conclusion. *Singleton*, 16 F.3d at 1421 n. 7.

**3.** The Court analyzed that the firearm statute required proof of two elements: 1) used or carried a firearm 2) during and in relation to a crime of violence. In contrast, the carjacking statute required proof of four elements: 1) while in possession of a firearm 2) defendant took from the person or presence of another 3) by force and violation or intimidation 4) a motor vehicle which had moved in interstate or foreign commerce. Accordingly, the Court held that the two elements of the firearm statute do not require the government to prove any fact beyond those required under the carjacking statute since a defendant who possesses a firearm necessarily uses or carries it and carjacking is always and without an exception a "crime of violence." *Singleton*, 16 F.3d at 1424.

Whoever, during and relation to a crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.

18 U.S.C. § 924(c). The *Singleton* Court stressed that the above quoted parenthetical words "crime of violence" in § 924(c) necessarily referred to carjacking and thus "clearly indicate Congress' intent to punish cumulatively violations of 18 U.S.C. §§ 2119 and 924(c)." *Singleton*, 16 F.3d at 1425.

Next, the Fifth Circuit specifically addressed and rejected two arguments asserting that there was no such legislative intent. The first argument centers around the 1984 amendments to 18 U.S.C. § 924(c). *Singleton*, 16 F.3d at 1423. The defendants in *Singleton* maintained that the legislative history of the 1984 amendments to § 924(c) illustrate that Congress did not intend to cumulate the punishments under §§ 924(c) and 2119 since the 1984 amendments were concerned with providing a mandatory minimum penalty in cases where a firearm was used, especially in regard to statutes containing an enhancement provision. Thus, according to this analysis, the 1984 amendments do not apply to the carjacking statute since mandatory minimum sentences are presently required.

Judge Wisdom, writing for the *Singleton* Court, rejected this argument concluding that the legislative history clearly shows that Congress wanted to stack § 924(c)'s punishment atop all predicate crimes that come within the statute's scope, not just those with "enhancement provisions" nor for the sole purpose of securing mandatory minimum sentences. *Id.*

The heart of the second argument advanced by the *Singleton* defendants concerns the chronological order of the statutes. This argument urges that Congress did not intend cumulative punishments since the carjacking statute does not refer to the firearm statute and the carjacking statute was enacted two years after the last amendment to the firearms statute. The *Singleton* Court assailed this argument by stating that Congress need not reiterate its intent to stack punishments in a specified class of crimes. Here, the Court found that since the carjacking statute is the very type of statute for which Congress previously expressed its intention to impose cumulative punishment, Congress was not required to restate its intent for each subsequent statute of said type in order for its intent to be clear. *Singleton*, 16 F.3d at 1425.

The two above described arguments were previously advanced by district courts concluding that there was no clear legislative intent for cumulative punishments. *See United States v. Smith,* 831 F.Supp. 549 (E.D.Va.1993); *United States v. Moore,* 832 F.Supp. 335 (N.D.Ala.1993). While these arguments are not completely meritless, the Fifth Circuit's critique of said arguments is reasonable, straightforward and convincing. There are also various district court opinions which have reached similar conclusions. *See United States v. Sabini,* 842 F.Supp. at 1452. (Congress has made clear, through the 1984 amendments to section 924(c), its intent to permit cumulative punishments under 924(c)); *United States v. Ford,* 844 F.Supp. 1092 (D.Md.1994) (Congress clearly intended cumulative punishment since carjacking is a crime of violence as defined in the firearm statute.); *United States v. Harwood,* 834 F.Supp. 950 (W.D.Ky.1993).

Additional evidence of Congress' intent is found in cases involving different criminal statutes, where cumulative punishment was imposed. *See United States v. Holloway,* 905 F.2d 893, 894–95 (5th Cir.1990) (cumulative punishment imposed in conjunction with armed bank robbery statute, § 2113(d), notwithstanding the absence of any mention of cumulative punishment in the statute itself.); *United States v. Martin,* 961 F.2d 161, 163–64 (11th Cir.1992) (cumulative punishment imposed in conjunction with assaulting a federal officer with a dangerous weapon, § 111(b)).

Finally, evidence of Congress' clear intent for cumulative punishment under 18 U.S.C. §§ 924(c) and 2119 is found in the commen-

tary of the sentencing commission. Although this source was not cited by the Fifth Circuit, it was relied on by a district court to support its finding of Congress' explicit intent for multiple punishment. The commentary provides:

> any defendant convicted under [the carjacking statute] will receive a minimum additional 5 level increase for possession of a firearm. Such defendants are also subject to prosecution under [the firearm statute] ... which carries a mandatory consecutive sentence of at least five years imprisonment.

*Ford,* 844 F.Supp. at 1096.

In conclusion, this Court is persuaded by and agrees with the Fifth Circuit's analysis in *Singleton.* The Court is also in agreement that a violation of the carjacking statute is also a violation of the firearm statute and that the statutes fail the *Blockburger* test. Notwithstanding, there is no double jeopardy violation because Congress clearly intended to authorize cumulative punishments under the two statutes.

WHEREFORE, Defendants' motion to dismiss counts four, five and six of the indictment on double jeopardy grounds is denied.

**IT IS SO ORDERED.**