**UNITED STATES of America, Plaintiff,**

v.

**José Antonio Nuñez RODRIGUEZ, Defendant.**

**Cr. No. 94–176 (HL).**

United States District Court, D. Puerto Rico.

Dec. 19, 1994.

---

Juan E. Alvarez–Cobian, Federal Public Defender, Old San Juan, PR, for defendant.

Rosa E. Rodriguez–Velez, U.S. Attorney's Office, D. Puerto Rico, Crim. Div., Hato Rey, PR, for U.S.

## AMENDED OPINION AND ORDER

LAFITTE, District Judge.

Before the Court is Defendant José Antonio Nuñez Rodriguez' Motion in Limine and to strike surplusage from the indictment, Motion to dismiss count two of the indictment on double jeopardy grounds and Motion to dismiss count one for lack of jurisdiction. The government has filed an omnibus opposition to Defendant's three motions. For the reasons set forth below, the Court denies all of Defendant's motions.

## FACTUAL BACKGROUND

This case arose out of an armed carjacking which occurred on June 7, 1994 at approximately 11:50 p.m. in Condado, Puerto Rico. The victim, José Jaime Pierluisi ("Pierluisi") had just parked his Mercury Sable and was opening the trunk of his vehicle, when he was approached by an armed assailant. Pierluisi was then shot in the back of his head and died as a result.

On June 15, 1994 Defendant was charged in a two count indictment. The indictment alleges violation of 18 U.S.C. § 2119(2) and (3), the carjacking statute and violation of 18 U.S.C. § 924(c), the firearm statute.

Defendant makes three separate arguments in his motions. First, Defendant claims that charging him under both the carjacking and firearm statutes violates the double jeopardy clause. Second, Defendant maintains that the carjacking statute is an unconstitutional exercise of legislative power under the Commerce Clause. Finally, Defendant asserts that Fed.R.Crim.P. 12(e) and Fed.R.Evid. 401, 402 and 403 require exclusion at trial of all evidence relating to the

Pierluisi's death as well as reference in the indictment to same.

The government opposes Defendant's motions claiming that congressional intent shields the government from a double jeopardy violation, the Anti Car Theft Act of 1992 is a proper exercise of Congress' broad power under the Commerce Clause, and evidence of the victim's death is necessary to prove an essential element of the offense under 18 U.S.C. § 2119.

## I. Double Jeopardy

■ This Court has previously addressed the issue of whether 18 U.S.C. § 924(c) and 18 U.S.C. § 2119 prohibit the same offense and whether multiple punishment under both statutes violates the double jeopardy clause. *See United States v. Roman Hernandez,* 849 F.Supp. 150 (D.P.R.1994). In *Roman Hernandez,* this Court concluded that there was no such double jeopardy violation. At the time the *Roman Hernandez* opinion was written, there were various district court opinions which had reached similar conclusions. *See United States v. Sabini,* 842 F.Supp. 1448, 1452 (S.D.Fla.1994) (Congress has made clear, through the 1984 amendments to section 924(c), its intent to permit cumulative punishments under 924(c)); *United States v. Ford,* 844 F.Supp. 1092 (D.Md. 1994) (Congress clearly intended cumulative punishment since carjacking is a crime of violence as defined in the firearm statute.); *United States v. Harwood,* 834 F.Supp. 950

(W.D.Ky.1993). Nevertheless, only one Circuit Court had confronted this issue.[1]

The present environment has changed. To date, five circuits have recently reached the uniform conclusion that the double jeopardy clause is not violated by simultaneous prosecutions under 18 U.S.C. § 2119 and 18 U.S.C. § 924(c). *See United States v. Jones,* 34 F.3d 596 (8th Cir.1994); *United States v. Johnson,* 32 F.3d 82 (4th Cir.1994); *United States v. Harris,* 25 F.3d 1275 (5th Cir.1994); *United States v. Mohammed,* 27 F.3d 815 (2nd Cir.1994); *United States v. Johnson,* 22 F.3d 106 (6th Cir.1994); *Singleton,* 16 F.3d 1419 (5th Cir.1994).

Nevertheless, it is important to note that one of the district courts in this circuit has adopted the opposite view and concluded that double jeopardy is offended because of a lack of clear congressional intent to authorize cumulative punishments under these two statutes. *See United States v. Torres,* 857 F.Supp. 168 (D.P.R.1994).

■ Although the First Circuit has not yet directly addressed this precise issue, this Court is again persuaded by and agrees with the circuit courts' present analyses regarding the conclusion that there is no double jeopardy violation because Congress clearly intended to authorize cumulative punishments under the two statutes. Accordingly, the Court rejects Defendant's motion to dismiss count two of the indictment on the grounds of double jeopardy.[2]

---

1. On the forefront of this issue was the Fifth Circuit's opinion in *United States v. Singleton,* 16 F.3d. 1419 (5th Cir.1994). The *Singleton* Court conducted a lengthy analysis of 18 U.S.C. §§ 924(c) and 2119 pursuant to the double jeopardy clause and concluded that there was no double jeopardy violation since Congress had clearly intended cumulative punishment under the carjacking and firearm statutes.

2. The Court notes that Congress amended 18 U.S.C. § 2119 in Public Law 103–322, Title VI, § 60003(a)(14), effective September 13, 1994. The amendment struck ", possessing a firearm as defined in section 921 of this title," and inserted ", with the intent to cause death or serious bodily harm" and struck the period after "both" in 2119(3) and inserted ", or sentenced to death." The amendment, by replacing the firearm element with an intent element, makes less tenable a double jeopardy argument such as the one Defendant is currently making before the Court.

The amendment was not made, however, to correct a double jeopardy problem in § 2119. Congress had, prior to the enactment of the amendment, the benefit of the five circuit court opinions cited above, all of which held that the double jeopardy clause was not violated by simultaneous prosecutions under § 2119 and 18 U.S.C. § 924(c). Furthermore, the original version of § 2119 had been criticized because it did not cover carjackings where the perpetrator did not use a firearm. *See generally* 139 Cong.Rec. S15301 (Nov. 8, 1993); 139 Cong.Rec. H6741 (Sep. 14, 1993); 139 Cong.Rec. S5821 (May 12, 1993). Thus, Congress was amending § 2119 not in response to concerns about a double jeopardy problem, but in response to concerns about carjackers who were not using firearms.

Additionally, the Court notes that the amendment broadens the scope of § 2119 and increases the punishment for carjacking. Criminal laws which materially disadvantage a defendant and

## II. Commerce Clause

Defendant's challenge that the carjacking statute is unconstitutional is based on the premise that federal jurisdiction is lacking due to Congress' exceeding of its powers under the Commerce Clause. In other words, Defendant argues that the carjacking statute criminalizes conduct already criminalized under state law and that there is an insufficient nexus between the statute and interstate commerce, especially after the vehicle has already reached its destination.

 The Court disagrees. A court may only invalidate Commerce Clause based legislation when it is clear that there is no rational basis for finding that the regulated activity affects interstate commerce. *Harris*, 25 F.3d at 1280, (citing *Hodel v. Indiana*, 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981)) A long line of cases have established a minimal nexus requirement whereby a general or aggregate economic effect is sufficient to meet the standard of effecting interstate commerce. *See Wickard v. Filburn*, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122 (1942); *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964); *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). Obviously, as several courts have noted, the carjacking statute meets this criterion since carjackings affect the amount of automobile insurance car owners are obliged to pay as well as interstate travel and the travel of foreign citizens to this country. *U.S.Code Cong & Admin.News*, 1992, 2830–31; *Johnson*, 22 F.3d at 109.

 Furthermore, as long as the regulated activity has an effect on interstate commerce it makes no difference whether the transported item is now at rest and no longer "in" interstate commerce. *Johnson*, 22 F.3d at 108; *Harris*, 25 F.3d at 1280. Accordingly, Defendant's argument that the Mercury Sable had already reached the dealership and was not directly in interstate commerce at the time of the alleged carjacking is meritless.

The Court notes that there is no First Circuit authority directly on point. However, as previously illustrated, the circuit decisions addressing the constitutionality argument have likewise concluded that 18 U.S.C. § 2119 is a valid reflection of congressional power under the Commerce Clause. Moreover, various district courts have reached the same conclusion. *See United States v. Payne*, 841 F.Supp. 810 (S.D.Ohio 1994) (Congress' power to legislate under the Commerce Clause is extraordinary broad, and certainly broad enough to regulate carjacking); *United States v. Watson*, 815 F.Supp. 827 (E.D.Pa.1993). Finally, the only district opinion to hold that the statute is unconstitutional, *United States v. Cortner*, 834 F.Supp 242 (M.D.Tenn 1993), was overruled by the Sixth Circuit in *United States v. Osteen*, 30 F.3d 135 (6th Cir.1994).

Thus, the Court concludes that the carjacking statute's connection to interstate commerce is substantial and that the legislature did not exceed the broad limits of power under the Commerce Clause.

### III. Use of Force or Violence as an Essential Element

 Defendant next asserts that any and all reference relating to the death of Pierluisi be excluded from trial and count one of the indictment. Defendant's argument is based on two points. First, Defendant claims that the provision relating to the death of a carjacking victim is merely a sentence enhancement provision and not an essential element of the offense. Second, Defendant maintains that even if the victim's death has probative value, said value is substantially outweighed by the danger of unfair prejudice.

The Court finds these arguments unpersuasive. Whether 18 U.S.C. 2119(2) and (3) are separate criminal offenses or merely sentence enhancement provisions and whether evidence of the death of a carjacking victim can be used to prove the offense element of "force and violence or intimidation," are both issues of first impression. Accordingly, a

---

which were enacted after the crime was committed may not be used to retroactively punish a defendant. U.S. Const. art. I, § 9, cl. 3; *U.S. v. Bodre*, 948 F.2d 28, 31 (1st Cir.1991). This

amendment, approved after the occurrence of the crime for which Defendant is charged, is not applicable to Defendant.

review of the statutory language is necessary. The statute provides as follows:

> Whoever, possessing a firearm ... takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

18 U.S.C. § 2119.

In the instant case, Defendant relies on *United States v. Forbes*, 16 F.3d 1294 (1st Cir.1994), to support his argument that Sections (2) and (3) of 18 U.S.C. § 2119 are sentence enhancement provisions.

In *Forbes*, the First Circuit stated that a court must look at the language, structure and legislative history when determining whether a statute is a sentence enhancement provision or separate criminal offense. *Forbes*, 16 F.3d at 1298. After finding the statutory language and structure unhelpful, the Court went on to conclude that 8 U.S.C. § 1326(b)(2) was a sentence enhancement provision due to considerations of policy and precedent.[3]

Even assuming that subsections (2) and (3) of the carjacking statute are sentence enhancement provisions, this does not end our inquiry.[4] The Court finds that evidence of the victim's death is material because "the use of force and violence" is an essential element of the offense. We explicate. Because the government is initially required to prove four elements outlined in the general part of the statute in order to prevail in showing a violation of either section (2) or (3) of § 2119, and one of these elements is the use of "force and violence or intimidation," evidence of the victim's death is material on the ground that said evidence demonstrates "force and violence". *See generally Singleton*, 16 F.3d at 1424; *Roman Hernandez*, 849 F.Supp. at 153 n. 3.

Accordingly, Pierluisi's death as well as the manner and means by which it was accomplished are all relevant pieces of evidence relating to "force and violence" as outlined in the first part of the carjacking statute. Preventing the government from presenting said evidence would effectively render it incapable of proving force, violence or intimidation according to the facts of the instant case.

■ Furthermore, allowing the introduction of said evidence is not so unfairly prejudicial that it outweighs the evidence's probative value. Evidence of the victim's death is highly persuasive to a jury's determination of the use of force and violence. This is not the case, as in *Forbes*, where the court would be allowing the more prejudicial evidence of prior convictions. *Forbes*, 16 F.3d at 1299; *United States v. Melvin*, 27 F.3d 703 (1st Cir.1994).

Finally, under these facts, the government should be entitled to demonstrate the circumstances surrounding the offense charged and their aggregate effect. *See United States v. Moreno Morales*, 815 F.2d 725, 740 (1st Cir. 1987) (citing *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir.1983) (evidence of illegal or improper acts not constituting elements of the alleged crime admitted to show chain of events forming context, motive and set-up of the crime)).

---

**3.** In support of its determination that the relevant section was a sentence enhancement provision, the *Forbes* Court primarily focused on the policy of avoiding the unfair prejudice that might result from evidence of a defendant's prior felony convictions.

**4.** Arguments which support a conclusion that these sections are sentence enhancement provisions include the following: First, 18 U.S.C. § 2119(2) and (3) are in the nature of sentencing provisions in that only after proof of the elements in the general part of § 2119 is made, do the punishment provisions in subsections (1), (2) and (3) apply. Second, the various subsections only act to increase penalties for certain types of conduct. *United States v. Cole*, 32 F.3d 16 (2nd Cir.1994); *Forbes*, 16 F.3d at 1299; *Government of Virgin Islands v. Castillo*, 550 F.2d 850 (3d Cir.1977).

WHEREFORE, Defendant's Motion in Limine and to Strike Surplusage from the Indictment, Motion to Dismiss Count Two of the indictment on double jeopardy grounds and Motion to Dismiss Count One for lack of jurisdiction are denied.

IT IS SO ORDERED.