UNITED STATES of America, Plaintiff–Appellee,

v.

Norman Allen MARTIN, Defendant–Appellant.

No. 91–7532.

United States Court of Appeals, Eleventh Circuit.

May 13, 1992.

Algert S. Agricola, Jr., Montiel & Agricola, Montgomery, Ala., for defendant-appellant.

Rachel V. Lee, Montgomery, Ala., for plaintiff-appellee.

Before FAY, HATCHETT and DUBINA, Circuit Judges.

FAY, Circuit Judge:

In this appeal, defendant Norman Allen Martin challenges his conviction and sentence in the United States District Court for the Middle District of Alabama. Martin argues that there was insufficient evidence to convict him of violating 18 U.S.C. § 111 and that the imposition of cumulative sentences under 18 U.S.C. §§ 111 and 924(c)(1) violates the Fifth Amendment's double jeopardy clause. For the reasons that follow, we AFFIRM both the conviction and the sentence.

## I. BACKGROUND

On May 24, 1990, Charles L. Gross, a census enumerator with the United States Bureau of Census, began interviewing the defendant's father, Bennie Martin, just outside the Martin trailer home near Elmore, Alabama. During the interview, Gross heard "ranting and raving" from within the Martin trailer. A short while later, he heard a gunshot. Turning toward the Martin's trailer, Gross saw a man holding a rifle at one of the trailer's windows. Gross testified that the man appeared to be the defendant, Norman Allen Martin. After receiving assurances that Norman Martin was simply drunk, Gross proceeded with the census interview. A second shot rang out, however, this time striking Gross in the leg. When Gross looked at the Martin's trailer, he saw smoke coming from the window. Gross got into his vehicle and drove home. An ambulance eventually transported him from his home to the hospital where he remained for four weeks.

On the day of the shooting, Elmore County authorities took Norman Allen Martin into custody. Pursuant to a federal complaint, federal authorities arrested him on the following day. A federal grand jury then returned a two-count indictment against Martin on June 20, 1990. Count I of the indictment charged Martin with a violation of 18 U.S.C. § 111 (assault on a protected United States employee engaged in his official duties), and Count II charged Martin with a violation of 18 U.S.C. § 924(c)(1) (using a firearm during a crime of violence).

On August 21, 1990, following a two-day jury trial, Martin was convicted on both counts of the indictment. On November 7, 1990, the district court sentenced Martin to two consecutive terms of imprisonment (thirty-seven months of incarceration on Count I and sixty months of incarceration on Count II) and two concurrent three-year terms of supervised release. Martin was also ordered to make restitution in the amount of $21,402.90 and to pay a special assessment of $100.00.

After his trial counsel filed an untimely motion for new trial and an untimely notice of appeal, Martin filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted that motion on June 27, 1991, reinstating Martin's conviction so that Martin could file a timely notice of appeal. On July 3, 1991, Martin's newly-appointed counsel filed that notice of appeal.

## II. DISCUSSION

Defendant Norman Allen Martin raises two issues on appeal. First, Martin argues that there was insufficient evidence to convict him of a violation of 18 U.S.C. § 111. Second, Martin argues that the cumulative sentences imposed on him pursuant to 18 U.S.C. § 111 and 18 U.S.C. § 924(c)(1) violate the Constitution's guaranties against double jeopardy.

A. *Sufficiency of the Evidence*

 Martin asserts that there was insufficient evidence to convict him under 18 U.S.C. § 111 because the evidence at trial failed to establish that he had formed the intent to shoot Charles Gross. Martin does not dispute that he in fact shot Gross. Instead, Martin argues that he was cleaning his rifle while drunk and that he accidentally shot Gross. He argues that the government's evidence failed to prove anything different. In reviewing a challenge for sufficiency of the evidence, however, "we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in favor of the jury's verdict." *United States v. Van Hemelryck,* 945 F.2d 1493, 1499 (11th Cir. 1991). After carefully reviewing the record in this light, we find no merit to Martin's sufficiency argument. Based on the evidence presented, we find that a reasonable juror could have found that the evidence established guilt beyond a reasonable doubt. *See id.* at 1499–1500; *United States v. Parrado,* 911 F.2d 1567, 1570 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991).

B. *Double Jeopardy*

 Martin's second contention on appeal is that his cumulative sentences under 18 U.S.C. §§ 111 and 924(c)(1) violate the Fifth Amendment's double jeopardy clause. Citing a number of United States Supreme Court precedents, *e.g., Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *North Carolina v. Pearce,* 395 U.S. 711, 711–18, 89 S.Ct. 2072, 2072–77, 23 L.Ed.2d 656 (1969), Martin argues that these cumulative sentences resulted in an unconstitutional double enhancement for the "same offense" of using a deadly weapon.[1]

Despite Martin's arguments to the contrary, the Supreme Court has clearly held that, in the context of a single trial, Congress may choose to impose multiple or cumulative punishments for the same offense. *Missouri v. Hunter,* 459 U.S. 359, 366–68, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983). " '[T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed. *Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.*' " *Id.* at 368, 103 S.Ct. at 679 (quoting *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981)).

In *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), however, the Supreme Court held that Congress lacked the intent to apply the sentencing enhancement of 18 U.S.C. § 924(c) to convictions under statutes already including a weapons enhancement provision. Yet, responding to the *Busic* opinion and other Supreme Court precedents, Congress amended 18 U.S.C. § 924(c) in 1984. Since that time, a number of courts have found that the amended statute reveals the necessary Congressional intent to support the application of the cumulative enhancement provisions of 18 U.S.C. § 924(c). *E.g., United States v. Holloway,* 905 F.2d 893, 895 (5th Cir.1990); *United States v. Harris,* 832 F.2d 88, 91 (7th Cir.1987); *United States v. Springfield,* 829 F.2d 860, 865 (9th Cir.1987); *United States v. York,* 830 F.2d 885, 891 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Shavers,* 820 F.2d 1375, 1378 (4th Cir.1987).

The legislative history of the 1984 amendments reveals that Congress indeed intended that § 924(c) be made applicable to convictions under statutes which already provided for weapons enhancement. S.Rep. No. 225, 98th Cong., 2d Sess. 313 (1983), *reprinted in* 1984 U.S.C.C.A.N.

---

1. Pursuant to 18 U.S.C. § 111(b), a defendant faces up to ten years of incarceration, rather than the usual three years, if he used a deadly or dangerous weapon in the commission of an act prohibited by 18 U.S.C. § 111(a). Under 18 U.S.C. § 924(c)(1), a defendant committing a violent crime also faces an enhanced penalty in the form of at least five additional years of incarceration if he used a firearm in the commission of the underlying offense. Martin was sentenced in this case pursuant to both 18 U.S.C. §§ 111(b) and 924(c)(1).

3182, 3491. The language of the statute as amended also makes this clear:

> Whoever, during and in relation to any crime of violence or drug trafficking crime *(including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device)* for which he may be prosecuted in a court of the United States, uses or carries a firearm, *shall, in addition to* the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1) (emphasis added). This Congressional intent is further revealed by the statutory language prohibiting a sentence imposed pursuant to § 924(c) from running concurrently with the sentence imposed for the underlying crime. *Id.*

Because Congress clearly intended 18 U.S.C. § 924(c) to provide additional, cumulative punishment for individuals convicted under statutes already providing for weapons enhancement, we hold that the district court did not violate the Fifth Amendment's double jeopardy clause by imposing cumulative sentences upon the defendant in a single trial.

AFFIRMED.