UNITED STATES, Appellant,

v.

William CENTENO–TORRES, Defendant–Appellee.

UNITED STATES, Appellant,

v.

Gabino GARCIA–PANTOJA, Defendant–Appellee.

Nos. 94–1882, 94–2156.

United States Court of Appeals, First Circuit.

Heard March 6, 1995.

Decided March 28, 1995.

Juan A. Pedrosa, Asst. U.S. Atty., Hato Rey, PR, with whom Guillermo Gil, U.S. Atty., Washington, DC, was on brief for appellant.

Miguel A.A. Nogueras–Castro, Asst. Federal Public Defender, with whom Benicio Sánchez–Rivera, Federal Public Defender, Old San Juan, PR, and Edgardo L. Rivera-Rivera, by Appointment of the Court, San Juan, PR, were on consolidated brief for appellees.

Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM.

Appellees William Centeno–Torres and Gabino García–Pantoja were indicted for carjacking and using a firearm in conjunction with a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c), respectively. The district court dismissed the § 924(c) count, holding that the Double Jeopardy clause of the United States Constitution bars simultaneous prosecution of a defendant for 18 U.S.C. §§ 2119 and 924(c), because both arise out of a single transaction of carjacking with a firearm. *United States v. Centeno–*

*Torres,* 857 F.Supp. 168 (D.P.R.1994). The district court's decision relied heavily on the Supreme Court's Double Jeopardy analysis in *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) and *Busic v. United States,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). The government appealed the district court's ruling, and we now reverse.

Where Congress has authorized cumulative punishments for even the same offense, the Double Jeopardy Clause of the Fifth Amendment is not offended. *Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983). The Comprehensive Crime Control Act of 1984 amended § 924(c) [1] to include a mandatory penalty for the use of a firearm during a federal crime of violence and to statutorily overrule *Simpson* and *Busic. United States v. Holloway,* 905 F.2d 893, 894 (5th Cir.1990); *see also United States v. Martin,* 961 F.2d 161, 163 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 271, 121 L.Ed.2d 200 (1992). In addition to the language of the Act itself, its legislative history clearly shows that Congress intended to completely revise § 924(c) so that it would serve as a cumulative punishment in addition to that provided for the underlying violent crime. *See* S.Rep. No. 225, 98th Cong., 1st Sess.1983 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182; Pub.L. No. 98–473, § 1005, 98 Stat. 1837, 2138. Accordingly, we join numerous other circuits [2] and hold that cumulative punishment under 18 U.S.C. §§ 2119 and 924(c) does not offend the Double Jeopardy clause of the United States Constitution.

*Reversed.*

---

1. Specifically, the amended version of 18 U.S.C. § 924(c)(1), states, in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, *shall, in addition to the punishment provided for such crime,*

*be sentenced to imprisonment for five years....* (emphasis added).

2. *See, e.g., United States v. Johnson,* 32 F.3d 82 (4th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 650, 130 L.Ed.2d 554 (1994); *United States v. Johnson,* 22 F.3d 106 (6th Cir.1994); *United States v. Singleton,* 16 F.3d 1419 (5th Cir.1994); *Martin,* 961 F.2d 161; *United States v. Jones,* 34 F.3d 596 (8th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1701, 131 L.Ed.2d 563 (1995).