USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1882 UNITED STATES, Appellant, v. WILLIAM CENTENO-TORRES, Defendant - Appellee. ____________________ No. 94-2156 UNITED STATES, Appellant, v. GABINO GARCIA-PANTOJA, Defendant - Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ _____________________ Juan A. Pedrosa, Assistant United States Attorney, with whom _______________ Guillermo Gil, United States Attorney, was on brief for ______________ appellant. Miguel A.A. Nogueras-Castro, Assistant Federal Public _____________________________ Defender, with whom Benicio S nchez-Rivera, Federal Public _______________________ Defender, and Edgardo L. Rivera-Rivera, by Appointment of the _________________________ Court, were on consolidated brief for appellees. ____________________ March 28, 1995 ____________________ -2- Per Curiam. Appellees William Centeno-Torres and Per Curiam. ___________ Gabino Garc a-Pantoja were indicted for carjacking and using a firearm in conjunction with a crime of violence, in violation of 18 U.S.C. 2119 and 924(c), respectively. The district court dismissed the 924(c) count, holding that the Double Jeopardy clause of the United States Constitution bars simultaneous prosecution of a defendant for 18 U.S.C. 2119 and 924(c), because both arise out of a single transaction of carjacking with a firearm. United States v. Centeno-Torres, 857 F. Supp. 168 _____________ ______________ (D.P.R. 1994). The district court's decision relied heavily on the Supreme Court's Double Jeopardy analysis in Simpson v. United _______ ______ States, 435 U.S. 6, 98 S. Ct. 909, 55 L.Ed.2d 70 (1978) and Busic ______ _____ v. United States, 446 U.S. 398, 100 S. Ct. 1747, 64 L.Ed.2d 381 _____________ (1980). The government appealed the district court's ruling, and we now reverse. Where Congress has authorized cumulative punishments for even the same offense, the Double Jeopardy Clause of the Fifth Amendment is not offended. Missouri v. Hunter, 459 U.S. ________ ______ 359, 367, 103 S. Ct. 673, 74 L.Ed.2d 535 (1983). The Comprehensive Crime Control Act of 1984 amended 924(c)1 to  ____________________ 1 Specifically, the amended version of 18 U.S.C. 924(c)(1), states, in pertinent part: Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or -3- include a mandatory penalty for the use of a firearm during a federal crime of violence and to statutorily overrule Simpson and _______ Busic. United States v. Holloway, 905 F.2d 893, 894 (5th Cir. _____ _____________ ________ 1990); see also United States v. Martin, 961 F.2d 161, 163 (11th ________ _____________ ______ Cir.), cert. denied, 113 S. Ct. 271 (1992). In addition to the ____________ language of the Act itself, its legislative history clearly shows that Congress intended to completely revise 924(c) so that it would serve as a cumulative punishment in addition to that provided for the underlying violent crime. See S. Rep. No. 225, ___ 98th Cong., 1st Sess. 1983 (1984), reprinted in 1984 U.S.C.C.A.N. ____________ 3182; Pub. L. No. 98-473, 1005, 98 Stat. 1837, 2138. Accordingly, we join numerous other circuits2 and hold that cumulative punishment under 18 U.S.C. 2119 and 924(c) does not offend the Double Jeopardy clause of the United States Constitution. Reversed. ________  ____________________ carries a firearm, shall, in addition to ______________________ the punishment provided for such crime, _________________________________________ be sentenced to imprisonment for five _________________________________________ years . . . . (emphasis added). _____ 2 See, e.g., United States v. Johnson, 32 F.3d 82 (4th Cir.), ___ ____ _____________ _______ cert. denied, 115 S. Ct. 650 (1994); United States v. Johnson, 22 ____________ _____________ _______ F.3d 106 (6th Cir. 1994); United States v. Singleton, 16 F.3d _____________ _________ 1419 (5th Cir. 1994); Martin, 961 F.2d 161; United States v. ______ _____________ Jones, 34 F.3d 596 (8th Cir. 1994), petition for cert. filed, _____ __________________________ (U.S. Dec. 15, 1994) (No. 94-7281). -4-