89 F.3d 824
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Marc E. WILDER, II, et al., Plaintiffs, Appellants,
v.
DEPARTMENT OF CORRECTION, John Marshall, Defendants, Appellees.
 Nos. 95-1960, 95-2018.
 United States Court of Appeals, First Circuit.
 July 5, 1996.
 
 Marc E. Wilder, II and Russell J. Carey on brief pro se.
 Nancy Ankers White, Special Assistant Attorney General, and Margaret Melville, Counsel, Department of Correction, on brief for appellees.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Prior to its repeal in 1994, a Massachusetts statute providing for the award of good-time credits to state prisoners specifically withheld such credits from inmates who had been convicted of enumerated sex offenses. See Mass. Gen. L., ch. 127, § 129. Plaintiffs here, a group of prisoners serving sentences for sex crimes, have brought an action under 42 U.S.C. § 1983 challenging this statutory exclusion on various constitutional grounds.[1] The lower court rejected each of their claims at the summary judgment stage. On the arguendo assumption that plaintiffs' contentions are cognizable in a civil-rights action (rather than a habeas corpus proceeding), we summarily affirm for the reasons recited by the magistrate-judge in his June 23, 1995 report. We add only the following.
 
 
 2
 Underlying several of plaintiffs' claims is the assertion that their inability to obtain good-time credits constitutes a separate "punishment" apart from that incurred at sentencing. This is mistaken. The statutory exclusion was enacted in 1965, see Amado v. Superintendent, 366 Mass. 45, 48 (1974) (reviewing statutory history)--long before any of the plaintiffs had been convicted. Accordingly, their ineligibility for such credits can only be viewed as part of the punishment imposed by the sentencing court after trial. Plaintiffs' assertion that the exclusion constitutes a bill of attainder fails for this reason (among others). See, e.g., United States v. Brown, 381 U.S. 437, 450 (1965). Their additional claim that the exclusion violates double jeopardy (a claim which we assume arguendo is properly before us) falters on the same ground. Even if the exclusion were viewed as a cumulative punishment for the same offense, double jeopardy would not be offended. See, e.g., United States v. Centeno-Torres, 50 F.3d 84, 85 (1st Cir.) (per curiam), cert. denied, 116 S.Ct. 208 (1995).
 
 
 3
 The allegation that the exclusion violates due process proves equally unavailing. Plaintiffs possess no liberty interest in receiving good-time credits. See, e.g., Sandin v. Conner, 115 S.Ct. 2293, 2297 (1995); Riddle v. Mondragon, 83 F.3d 1197, 1206-07 (10th Cir.1996). And the statutory scheme found violative of substantive due process in Young v. Weston, 898 F.Supp. 744, 748-51 (W.D.Wash.1995), a case on which plaintiffs rely, bears no resemblance to the one before us. Finally, the contention that the exclusion violates equal protection runs into a wall of caselaw indicating otherwise. See, e.g., Riddle, 83 F.3d at 1207-08; Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267-68 (3d Cir.1996); Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir.), cert. denied, 506 U.S. 1008 (1992); Amado, 366 Mass. at 46-51.
 
 
 4
 Affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Of the more than fifty plaintiffs who joined in the action below, only some fourteen are participating in the instant appeals. We assume arguendo that each of the appellants has properly invoked this court's jurisdiction