USCA1 Opinion

 

 July 5, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1960 No. 95-2018 MARC E. WILDER, II, ET AL., Plaintiffs, Appellants, v. DEPARTMENT OF CORRECTION, JOHN MARSHALL, Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Marc E. Wilder, II and Russell J. Carey on brief pro se. __________________ ________________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Margaret Melville, Counsel, Department of Correction, on brief for __________________ appellees. ____________________ ____________________ Per Curiam. Prior to its repeal in 1994, a ___________ Massachusetts statute providing for the award of good-time credits to state prisoners specifically withheld such credits from inmates who had been convicted of enumerated sex offenses. See Mass. Gen. L., ch. 127, 129. Plaintiffs ___ here, a group of prisoners serving sentences for sex crimes, have brought an action under 42 U.S.C. 1983 challenging this statutory exclusion on various constitutional grounds.1 1 The lower court rejected each of their claims at the summary judgment stage. On the arguendo assumption that plaintiffs' ________ contentions are cognizable in a civil-rights action (rather than a habeas corpus proceeding), we summarily affirm for the reasons recited by the magistrate-judge in his June 23, 1995 report. We add only the following. Underlying several of plaintiffs' claims is the assertion that their inability to obtain good-time credits constitutes a separate "punishment" apart from that incurred at sentencing. This is mistaken. The statutory exclusion was enacted in 1965, see Amado v. Superintendent, 366 Mass. ___ _____ ______________ 45, 48 (1974) (reviewing statutory history)--long before any of the plaintiffs had been convicted. Accordingly, their ineligibility for such credits can only be viewed as part of  ____________________ 1 Of the more than fifty plaintiffs who joined in the 1 action below, only some fourteen are participating in the instant appeals. We assume arguendo that each of the ________ appellants has properly invoked this court's jurisdiction.  -2- the punishment imposed by the sentencing court after trial. Plaintiffs' assertion that the exclusion constitutes a bill of attainder fails for this reason (among others). See, ___ e.g., United States v. Brown, 381 U.S. 437, 450 (1965). ____ ______________ _____ Their additional claim that the exclusion violates double jeopardy (a claim which we assume arguendo is properly before ________ us) falters on the same ground. Even if the exclusion were viewed as a cumulative punishment for the same offense, double jeopardy would not be offended. See, e.g., United ___ ____ ______ States v. Centeno-Torres, 50 F.3d 84, 85 (1st Cir.) (per ______ ______________ curiam), cert. denied, 116 S. Ct. 208 (1995). ____________ The allegation that the exclusion violates due process proves equally unavailing. Plaintiffs possess no liberty interest in receiving good-time credits. See, e.g., Sandin ___ ____ ______ v. Conner, 115 S. Ct. 2293, 2297 (1995); Riddle v. Mondragon, ______ ______ _________ 83 F.3d 1197, 1206-07 (10th Cir. 1996). And the statutory scheme found violative of substantive due process in Young v. _____ Weston, 898 F. Supp. 744, 748-51 (W.D. Wash. 1995), a case on ______ which plaintiffs rely, bears no resemblance to the one before us. Finally, the contention that the exclusion violates equal protection runs into a wall of caselaw indicating otherwise. See, e.g., Riddle, 83 F.3d at 1207-08; Artway v. ___ ____ ______ ______ Attorney General of New Jersey, 81 F.3d 1235, 1267-68 (3d ________________________________ Cir. 1996); Lustgarden v. Gunter, 966 F.2d 552, 555 (10th __________ ______ -3- Cir.), cert. denied, 506 U.S. 1008 (1992); Amado, 366 Mass. ____________ _____ at 46-51. Affirmed. See Loc. R. 27.1. ____________________________ -4-