**UNITED STATES of America**

v.

**Michael NORWOOD.**

**Criminal No. 96–232.**

United States District Court,
D. New Jersey.

Nov. 15, 1996.

Carlos F. Ortiz, Assistant United States Attorney, United States Department of Justice, District of New Jersey, Newark, NJ, for U.S.

Michael Norwood, Fairton, NJ, pro se.

Lori M. Koch, Assistant Federal Public Defender, District of New Jersey, Camden, NJ, for Defendant, Michael Norwood.

ORLOFSKY, District Judge:

Defendant, Michael Norwood, who is *pro se,* has filed post-trial motions: (1) for a judgment of acquittal as to Counts Four and Six of the Second Superseding Indictment pursuant to Fed.R.Crim.P. 29(c); (2) for a bifurcated trial; (3) to preclude the United States from making any reference to the Defendant's post-arrest silence; and (4) to have Lori Koch, Esq., relieved as stand-by counsel for the Defendant.

Defendant's Motion for Judgment of Acquittal of Count Four of the Second Superseding Indictment, which charges a violation of the 1994 amendment to the federal carjacking statute, 18 U.S.C. § 2119, requires this Court to address an issue, as yet undecided in the Third Circuit, regarding the meaning of the amendatory language of the statute, that a defendant possess the "intent to cause death or serious bodily harm." The only two federal courts to consider this issue have reached different conclusions. *Compare United States v. Holloway,* 921 F.Supp. 155 (E.D.N.Y.1996) (a defendant's conditional intent to cause death or serious bodily harm if the victim does not surrender his or her automobile is sufficient to satisfy the element of intent), *with United States v. Randolph,* 93 F.3d 656 (9th Cir.1996) (a defendant's mere conditional intent to cause death or serious bodily harm is insufficient to satisfy the intent element of the statute). For the reasons set forth below, I join the *Holloway* court in concluding that the Government need only prove conditional intent, that the Defendant intended to cause death or serious bodily harm *only* if the alleged carjacking victim refused to surrender his or her vehicle.

## I. Factual and Procedural Background

On April 13, 1996, Defendant, Michael Norwood, was arrested by the New Jersey State Police in Holmdel, New Jersey, and charged in state court with unlawful possession of a handgun, two counts of aggravated assault, conspiracy to commit carjacking, theft and attempted motor vehicle theft arising out of a bank robbery that occurred on April 12, 1996, at Amboy National Bank in Old Bridge, New Jersey, and a carjacking of a 1987 Chrysler LeBaron on the Garden State Parkway later that same day.

On April 24, 1996, the Grand Jury in and for the District of New Jersey returned a one-count indictment charging the defendant with a violation of the federal carjacking statute, in violation of 18 U.S.C. §§ 2119 and 2. Shortly thereafter, on May 22, 1996, the Grand Jury in and for the District of New Jersey returned a six-count superseding indictment charging the defendant with the following crimes: bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One); assault on bank employees and customers by the use of a dangerous weapon, specifically a handgun, in violation of 18 U.S.C. § 2113(d) (Count Two); carrying a handgun during the bank robbery, in violation of 18 U.S.C. § 924(c) (Count Three); theft of a motor vehicle that had traveled in interstate commerce, in violation of 18 U.S.C. § 2119 (Count Four); carrying a handgun during the carjacking, in violation of 18 U.S.C. § 924(c) (Count Five); and possession of a handgun by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Six). The Defendant was arraigned on the first superseding indictment on May 31, 1996, and entered pleas of "not guilty" to all charges. A second superseding indictment was returned on July 19, 1996, amending certain dates set forth in the first superseding indictment.[1]

The trial of this case commenced on September 9, 1996, and concluded with the declaration of a mistrial by this Court on September 23, 1996, after the jury was unable to return a verdict after several days of deliberation. The re-trial of this case is scheduled to commence on Monday, December 2, 1996, at 9:30 a.m.

## II. Discussion

A. *Defendant's Motions for Judgment of Acquittal as to Counts Four and Six*

Defendant moves for a Judgment of Acquittal as to Counts Four and Six of the

---

**1.** Pursuant to Defendant's unopposed motion made before this Court on September 3, 1996, the word "armed" was stricken from Count Three of the Second Superseding Indictment.

Second Superseding Indictment. Rule 29 of the Federal Rules of Criminal Procedure provides in relevant part that "[t]he court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." Fed.R.Crim.P. 29(a). Rule 29(c) provides that if the jury is discharged without having returned a verdict, as was the jury in this case, "a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period." Fed.R.Crim.P. 29(c).

On a motion for judgment of acquittal under Rule 29(c), the court must determine whether, when viewing the evidence in the light most favorable to the United States, there is sufficient evidence upon which a reasonable jury could base a guilty verdict. *United States v. Eufrasio,* 935 F.2d 553, 577 (3d Cir.), *cert. denied,* 502 U.S. 925, 112 S.Ct. 340, 116 L.Ed.2d 280 (1991); *United States v. Ashfield,* 735 F.2d 101, 106 (3d Cir.), *cert. denied,* 469 U.S. 858, 105 S.Ct. 189, 83 L.Ed.2d 122 (1984); *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

A finding of insufficiency of evidence must "be confined to cases where the prosecution's failure is clear." *United States v. Leon,* 739 F.2d 885, 891 (3d Cir.1984) (quoting *Burks v. United States,* 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978)); *United States v. Binstein,* No. 94–386, 1996 WL 19132, *2 (D.N.J. Jan. 3, 1996). In order to be sufficient, "[t]he evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Pungitore,* 910 F.2d 1084, 1129 (3d Cir. 1990), *cert. denied,* 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991); *Binstein,* 1996 WL 19132, *2.

"A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Casper,* 956 F.2d 416, 421 (3d Cir. 1992); *United States v. Gonzalez,* 918 F.2d 1129, 1132 (3d Cir.1990), *cert. denied,* 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 733 (1991). A motion for judgment of acquittal must be denied if "a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Salmon,* 944 F.2d 1106, 1113 (3d Cir.1991), *cert. denied, Washington v. United States,* 502 U.S. 1110, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992).

In applying these criteria to the facts of this case, for the reasons that follow, I will deny Defendant's motions for judgment of acquittal as to Counts Four and Six, respectively, of the Second Superseding Indictment

(i) Count Four

Count Four of the Second Superseding Indictment charges the Defendant with a violation of the federal carjacking statute, which is set forth in Title 18, United States Code, Section 2119. Specifically, the Defendant is charged with knowingly, willfully, and with intent to cause death and serious bodily harm, taking a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, namely a 1987 Chrysler Le Baron, from the person and presence of another by force and violence and intimidation.

Title 18, United States Code, Section 2119 provides, in relevant part, that:

Whoever, with intent to cause death or serious bodily injury takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury ... results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

There are five essential elements that must be proved beyond a reasonable doubt in order to establish the offense charged in

Count Four of the Second Superseding Indictment:

(1) That the defendant took or attempted to take a motor vehicle from the person or presence of another;

(2) That the defendant did so by force, violence or intimidation;

(3) That the defendant intended to cause death or serious bodily harm;

(4) That the motor vehicle was either transported or shipped or received in interstate or foreign commerce; and

(5) That the defendant acted knowingly and willfully.

See *United States v. Bishop*, 66 F.3d 569, 585 (3d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 681, 133 L.Ed.2d 529 (1995); *United States v. Rivera–Gomez*, 67 F.3d 993, 996 (1st Cir.1995); *United States v. Coleman*, 78 F.3d 154, 158 (5th Cir.1996); *United States v. Rodriguez*, 871 F.Supp. 545, 549 (D.P.R. 1994).

Defendant's motion is based upon his claim that, at trial, the Government failed to establish that he intended to cause death or serious bodily harm during the alleged carjacking, as required by the statute. Defendant argues that the Government must prove that he intended to cause death or serious bodily harm regardless of whether the alleged victim agreed to relinquish his car to the Defendant. In contrast, the Government maintains that the "intent to cause death or serious bodily injury" element of the statute is satisfied if it is able to show conditional intent—that the Defendant intended to cause death or bodily injury if the alleged victim refused to turn over his car to the Defendant.

The two federal courts that have examined at length the issue of intent as it relates to the 1994 amendment to the federal carjacking statute have reached different conclusions. *Compare United States v. Holloway*, 921 F.Supp. 155 (E.D.N.Y.1996), *with United States v. Randolph*, 93 F.3d 656 (9th Cir. 1996). In *Holloway*, the court found that the intent element of the statute is satisfied if the Government proves beyond a reasonable doubt that the defendant intended to cause death or serious bodily harm to the alleged

victim if the alleged victim refused to turn over his car. *Id.* at 161. In so holding, the court noted that "[w]here a crime is defined to require a particular intention, that element is satisfied even if the requisite intent is conditional, unless the condition negatives the evil sought to be prevented by the statute." *Id.* at 159 (citing W.R. Lafave and A.W. Scott, Jr., *Handbook on Criminal Law*, § 28 at 200 (1972)).

The court reasoned that to hold otherwise "would no doubt insulate from federal prosecution the large majority of carjackings, as carjackers generally do not intend to cause death or serious bodily injury, but in fact hope that the opposite will occur, *i.e.*, that the victim will peaceably give up the car and suffer no harm at all." *Id.* at 159. The court also commented that if the statute required an unconditional intent to cause death or serious bodily injury, "[t]he statute would no longer prohibit the very crime it was enacted to address except in those unusual circumstances when carjackers also intended to commit another crime—murder or a serious assault." *Id.* at 159.

In further support of its holding, the court in *Holloway* noted that the carjacking statute, as initially enacted, contained no intent provision at all. The original statute, the "Anti Car Theft Act of 1992," codified at 18 U.S.C. § 2119, provided that:

Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

18 U.S.C. § 2119 (1992).

The court in *Holloway* noted that one year after the enactment of the carjacking statute, Congress proposed several changes to the carjacking statute. An amendment providing for the death penalty in carjacking cases

which result in death was first proposed. In addition, another amendment proposed the elimination of the "possessing a firearm" requirement from the proposed death penalty provision. In proposing this second amendment, Senator Lieberman argued that "[i]f the person in a carjacking is killed as a result of a knife or other weapon or just as a result of the carjacking, then the criminal ought to be subject to death himself." *Holloway*, 921 F.Supp. at 158 (citing 139 Cong.Rec. S15295, S15301, S15303 (1993)). The *Holloway* court noted that, because Congress was concerned that the proposed death penalty provision could be subject to Eighth Amendment attack since it would authorize the death penalty for an accomplice who neither killed nor intended to kill or harm a victim, an additional modification was proposed to the death penalty provision, adding the "intent to cause death or serious bodily harm" requirement. *Id.*

These three proposed amendments to the carjacking statute were combined to form the following provision of the Violent Crime Control and Law Enforcement Act of 1994:

(14) CARJACKING—Section 2119(3) of title 18, United States Code, is amended by striking the period after "both" and inserting ", or sentenced to death."; and by striking ", possessing a firearm as defined in section 921 of this title," and inserting ", with the intent to cause death or serious bodily harm."

*Holloway*, 921 F.Supp. at 158 (citing Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, Title VI, § 60003(a)(14), 108 Stat. 1796, 1970 (1994)).

The language of this provision reveals that the amendment was intended only to affect carjackings resulting in death, since Section 2119(3), to which the Violent Crime Control and Law Enforcement Act refers, is solely a penalty provision applicable to carjackings resulting in death.[2] However, because the possessing of a firearm requirement was not contained in § 2119(3), the penalty provision applicable to carjackings resulting in death, but instead included in the language of the substantive offense, the elimination of this language had the effect of eliminating the requirement as a prerequisite to all carjackings, whether or not death resulted. Because the possession of a firearm was eliminated from the substantive offense rather than from the penalty provision applicable to carjackings resulting in death, as apparently intended, the new intent requirement was also substituted in the statutory language as an element of the substantive offense.

As a result, the carjacking statute, as amended in 1994, now provides:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119 (as amended in 1994).

The court in *Holloway* commented that, as written, this statute, contrary to Congressional intent, requires the element of "intent to cause death or serious bodily injury" for all carjackings, regardless of whether death results. *Id.* at 158. The court found that to interpret the "intent to cause death or serious bodily injury" language of the 1994 amendment to require the Government to establish that a defendant *unconditionally* intended to cause death or serious bodily injury whether or not the victim relinquished his or her car, would drastically narrow the application of the carjacking statute, when, in fact, the legislative history reveals that the intent element should not have even been added to the elements of the substantive offense at all. The court further noted that the amendment was intended " 'to broaden and strengthen [the carjacking statute] so our U.S. attorneys (sic) have every possible tool available to them to attack the prob-

---

**2.** 18 U.S.C. § 2119(3), as originally enacted, provided that "if death results, [a defendant shall] be fined under this title or imprisoned for any number of years up to life, or both."

lem.'" *Id.* at 159 (citing 139 Cong.Rec. S15295, S15301 (1993) (statement of Sen. Lieberman)).

In contrast, however, the court in *United States v. Randolph*, 93 F.3d 656 (9th Cir. 1996), held that "the mere conditional intent to harm a victim if she resists is simply not enough to satisfy § 2119's new specific intent requirement." *Id.* at 665. The court held that absent evidence that the defendant intended to cause death or serious bodily harm whether or not the victim turned over his or her car, the intent element could not be established. *Id.* In reversing the defendant's conviction under the carjacking statute, the court noted that "[a] key distinction between this case and federal cases sustaining convictions for analogous specific intent offenses is that [the defendant] did not personally harm [the victim], even though he was armed and clearly capable of harming her." *Id.* at 663.

The conclusion of the court in *Randolph* would, in effect, limit the application of § 2119 only to cases where the defendant actually physically harmed the victim and would therefore contravene Congress' intent to broaden the application of § 2119 by the 1994 amendment. Rarely will there be a case where there will be evidence of a defendant's unconditional intent to cause death or serious bodily harm whether or not the victim relinquishes his or her car, yet the victim sustains no injuries. Moreover, Congress has provided for enhanced penalties when a carjacking actually results in death or serious bodily injury. *See* § 2119(2) and (3).

■■■ I find the reasoning in *Holloway* to be more consistent with the language of the statute, as well as the intent of Congress in amending the statute in 1994 and providing for the enhanced penalty provisions. Accordingly, I conclude that it is sufficient for the Government to establish that the Defendant intended to cause death or serious bodily harm *only* if the alleged victim refused to turn over the car. After all, "Section 2119 is not a murder or assault statute, it is a car robbery statute." *Holloway*, 921 F.Supp. at 160. I also find that the Government introduced sufficient evidence of such a conditional intent at trial to withstand Defendant's motion for judgment of acquittal on this charge.[3] Defendant's motion for judgment of acquittal as to Count Four of the Second Superseding Indictment will therefore be denied.

#### (ii) Count Six

Count Six of the Second Superseding Indictment charges the Defendant with possessing a firearm while being a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), which provides in pertinent part:

> It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The language of the statute reveals that there are three essential elements that must be proved beyond a reasonable doubt in order to establish the offense charged in Count Six of the Second Superseding Indictment:

(1) That the defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

(2) That the defendant knowingly possessed the firearm; and

(3) That such possession was in or affecting interstate commerce.

Defendant's motion is based upon his claim that the Government failed to establish that the Defendant was in possession of the "Lorcin 380" semiautomatic handgun, serial number 391506, on April 12, 1996. Defendant rests his argument primarily on the fact that

---

**3.** At trial, Jeremy Brown, one of the alleged carjacking victims, testified that the Defendant asked him to get out of his car, and when Mr. Brown refused, the Defendant leaned into his car, and tried to undo his seat belt. After failing in these attempts to take Mr. Brown's car, the Defendant pointed a loaded semiautomatic handgun at Mr. Brown's head, while the Defendant's accomplice stated, "just kill him."

none of the alleged victims identified the "Lorcin 380" at trial as the weapon in his possession, and that the weapon was recovered after he had already been taken into custody.

■ At trial, Mr. Brown and Mr. Ferraro, the two victims of the alleged carjacking, testified that the Defendant was in possession of a semiautomatic handgun on the Garden State Parkway on April 12, 1996. Both men described a gun similar to the weapon actually recovered in Mr. Brown's Chrysler Le Baron which the Government alleges the Defendant used to escape from the scene of the carjacking. The Defendant was the last person observed entering the vehicle and at the time he did so, he was seen armed with a semiautomatic handgun. In light of the fact that Mr. Brown testified that he did not own a handgun, it is reasonable for a jury to conclude that the Defendant possessed the firearm that was found in the car.[4]

Accordingly, upon viewing the evidence in a light most favorable to the Government, as this Court must do when deciding a motion for judgment of acquittal, I conclude that the Government presented substantial evidence at trial upon which a reasonable jury could have based a verdict of guilty on the "felon-in-possession" charge contained in Count Six of the Second Superseding Indictment, and therefore, will deny Defendant's motion for judgment of acquittal on Count Six. In order to be sufficient, "[t]he evidence need not unequivocally point to the defendant's guilt as long as it permits the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Pungitore,* 910 F.2d 1084, 1129 (3d Cir.1990).

B. *Defendant's Motion for a Bifurcated Trial*

Defendant has requested that the trial in this matter be bifurcated, such that the trial of Counts Six of the Second Superseding

Indictment will occur after the jury has deliberated and returned a verdict on Counts One through Five of the Second Superseding Indictment. The Government does not oppose this motion.

For the reasons set forth in this Court's Opinion, dated September 5, 1996, I will grant Defendant's request for a bifurcated trial.[5] *See United States v. Joshua,* 976 F.2d 844, 847 (3d Cir.1992).

C. *Defendant's Motion to Preclude Reference to Post–Miranda Silence*

Defendant also moves to preclude the Government from making any reference at trial to his post-*Miranda* silence. The Government has agreed not to refer to the Defendant's post-*Miranda* silence in its case-in-chief, and therefore, this motion will be granted by consent.

D. *Defendant's Motion to Have Lori Koch, Esq., Relieved as Stand-by Counsel*

At a *Faretta* hearing conducted before this Court on September 9, 1996, I allowed the Defendant to proceed *pro se,* after ensuring that he was aware of the dangers and disadvantages in proceeding without an attorney. In permitting the Defendant to proceed *pro se,* I instructed Lori Koch, Esq., of the Federal Public Defender's Office, to be available to the Defendant as stand-by counsel.

Defendant now moves to have Lori Koch, Esq., relieved as stand-by counsel, alleging that his "Sixth Amendment right to self-representation" would be violated if Ms. Koch is allowed to continue in her capacity as "[his] stand-by counsel." (Letter Motion, dated, October 28, 1996). The Defendant, however, fails to realize that Ms. Koch cannot interfere with his right to self-representation because in proceeding *pro se,* he need

---

4. The two cases cited by the Defendant in which a defendant's conviction for being a felon in possession was reversed due to insufficient evidence of actual possession, are clearly distinguishable, in that, in neither case was the defendant ever observed with a gun in his possession. *See United States v. Madkins,* 994 F.2d 540 (8th Cir.1993); *United States v. Blue,* 957 F.2d 106 (4th Cir.1992).

5. Although Defendant's motion for a bifurcated trial was granted by this Court prior to the first trial in this case, on the first day of the trial, the Defendant waived his right to a bifurcated trial and all six Counts were tried together.

not utilize the assistance of, or communicate with Ms. Koch at all.[6]

While the Defendant has the right to court-appointed counsel if he so chooses, it is well established that he does not have the right to the counsel of his choice. *See United States v. Goldberg,* 67 F.3d 1092, 1098 (3d Cir.1995); *Siers v. Ryan,* 773 F.2d 37, 44 (3d Cir.1985) (right to counsel does amount to a right to have any special rapport or confidence in counsel). Indeed, the right to counsel does not guarantee a criminal defendant a "meaningful relationship" with counsel, and "does not include more than the right to representation by competent counsel at trial." *Id.*

■ Moreover, the right to counsel contained in the Sixth Amendment surely does not confer upon a *pro se* defendant the right to *stand-by* counsel of his choice because a *pro se* defendant need not even confer with or request the assistance of stand-by counsel. *United States v. Campbell,* 874 F.2d 838, 847 (1st Cir.1989). "While a defendant has a right to proceed *pro se,* 'a defendant's sixth amendment rights are not violated when a trial judge appoints standby counsel—even over defendant's objection.' " *Id.* (citing *McKaskle v. Wiggins,* 465 U.S. 168, 184, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1984)).

The purpose of standby counsel is merely to "assist the defendant in procedural matters with which he may not be familiar and to facilitate a speedy and efficient trial by avoiding the delays often associated with *pro se* representation." *Id.* at 849. I find that Ms. Koch, through her experience and familiarity with the Defendant's case over the past many months, more than satisfies this purpose. Therefore, Defendant's motion to relieve Ms. Koch as stand-by counsel will be denied.

This Court will enter an appropriate order.

---

**6.** Indeed, at the *Faretta* hearing, the Defendant was expressly told that Ms. Koch was to be of assistance to him "should he desire assistance," and that he "[did not] have to seek her advice, but she's available if you want to ... and obviously whether you do is entirely up to you."

## ORDER

This matter having come before the Court on the post-trial motions of Defendant for a judgment of acquittal as to Counts Four and Six of the Second Superseding Indictment pursuant to Fed.R.Crim.P. 29(c), for a bifurcated trial, to preclude the United States from making any reference to the Defendant's post-arrest silence, and to have Lori Koch, Esq., relieved as stand-by counsel for the Defendant; Defendant, Michael Norwood, appearing *pro se,* and Carlos F. Ortiz, Esq., Assistant United States District Attorney, appearing on behalf of the United States; and,

The Court having considered the written submissions of the parties filed in support of, and in opposition to Defendant's motions;

For the reasons set forth in this Court's Opinion filed with this Order;

IT IS HEREBY ORDERED on this 15th day of November, 1996, that:

(a) Defendant's motion for a judgment of acquittal as to Count Four of the Second Superseding Indictment is DENIED; and,

(b) Defendant's motion for a judgment of acquittal as to Count Six of the Second Superseding Indictment is DENIED; and,

(c) Defendant's motion for a bifurcated trial is GRANTED by consent; and,

(d) Defendant's motion to preclude the United States from making any reference to the Defendant's post-arrest silence is GRANTED by consent; and,

(e) Defendant's motion to have Lori Koch, Esq., relieved as stand-by counsel for the Defendant is DENIED.

---

(Transcript of September 9, 1996, *Faretta* hearing at 12). In addition, I also informed the Defendant that Ms. Koch "will also be here to take over the trial and present your defense if you want her to do so. She won't do it unless you indicate you want her to do it." (*Id.*).