842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry SHAVERS, Defendant-Appellant,
 No. 87-7279.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1988.
Decided March 3, 1988.
 
 J.H. Corpening, II, on brief, for appellant.
 Samuel T. Currin, United States Attorney; Shelley A. Longmuir, Department of Justice, on brief, for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, STET BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The appellant-defendant, Larry Shavers, appeals the judgment rendered below based on his conviction under five counts of an indictment. Shavers was convicted under Count One of the indictment for violating 18 U.S.C. Sec. 371 (1982) and 18 U.S.C. Sec. 2113(a)(d) and (e) (1982) (conspiracy to rob a federally insured bank); under Count Two for violating 18 U.S.C. Sec. 2113(d) (1982) (armed bank robbery); under Count Three for violating 18 U.S.C. Sec. 924(c) (1982) (using a firearm in the commission of an armed robbery); under Count Four for violating 18 U.S.C. Sec. 1201 (1982) (kidnapping); and under Count Five for violating 18 U.S.C. Sec. 924(c) (1982) (using a firearm in the course of a kidnapping). This court vacated the district court's original judgment in this case, United States v. Shavers, 820 F.2d 1375 (4th Cir.1987), and remanded for resentencing of the defendant. On remand the district court sentenced Shavers to the following: a term of five years' imprisonment on Count One; twenty years on Count Two, to run concurrently with the sentence in Count One; five years on Count Three, to run consecutively to Count Two; life imprisonment on Count Four, to run concurrently with Counts One, Two, and Three; and five years on Count Five, to run consecutively with Counts One through Four.
 
 
 2
 Shavers has challenged his resentencing on grounds that the district court did not announce in open court that he would only begin serving his federal prison sentence at the expiration of his term in state prison. The lower court's written judgment does specifically provide that the defendant may only begin serving his federal term upon completion of his state sentence. As that judgment now stands, therefore, none of the time Shavers serves in state prison will be credited toward or otherwise diminish his federal prison term.
 
 
 3
 Shavers contends that the district court's failure to announce in open court that no portion of his federal sentence would run concurrently with his state sentence was somehow unfair: "The presence or absence of this language [concerning when the federal sentence was to begin running] might have an effect in some way on the Defendant's state sentence and his eligibility for release from state custody." We find the defendant's contention to be without merit. As Shavers himself admits, 18 U.S.C. Sec. 3568 (1982) states that a federal sentence of imprisonment does not begin to run until the one sentenced enters federal custody. In this case, the defendant clearly could not have entered federal custody until he had finished serving his sentence in state prison. The district court's failure to state this obvious fact in open court did not prejudice the defendant, and we accordingly affirm the judgment of the lower court.
 
 
 4
 AFFIRMED.