UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4795

MARCELLUS THOMAS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-00-233-T)

Submitted: October 10, 2002

Decided: October 17, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark P. Foster, Jr., Charlotte, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marcellus Thomas appeals his convictions and sentence of 214 months' imprisonment following his guilty plea to armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(d) (2000); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c) (2000). Thomas' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting Thomas' § 924(c) conviction is erroneous because Thomas did not physically use, carry, or brandish a weapon, but stating that, in his view, there are no meritorious grounds for appeal. Thomas has filed a pro se supplemental brief arguing his convictions under both § 924(c) and § 2113(d) constitute an unconstitutional cumulative punishment. Finding no reversible error, we affirm.

Thomas argues his § 924(c) conviction is erroneous because he did not physically use, carry, or brandish a firearm. Thomas was charged with aiding and abetting the offense, and a conviction under § 924(c) may be obtained under this theory. *See United States v. Wilson*, 135 F.3d 291, 305 (4th Cir. 1998). We have reviewed the evidence supporting this charge and find Thomas' conviction was proper.

Thomas argues his § 924(c) and § 2113(d) convictions constitute double jeopardy. We have previously found such a claim meritless. *See United States v. Shavers*, 820 F.2d 1375, 1378 (4th Cir. 1987). We therefore reject the argument asserted in Thomas' pro se supplemental brief.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Thomas' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*