# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WILLIE LAWSON, a/k/a Uncle Willie,
  *Defendant-Appellant.*

No. 02-4829

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-02-302)

Submitted: April 1, 2003

Decided: May 19, 2003

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Wartel, BYNUM & JENKINS, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Ronald L. Walutes, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Lawson appeals his convictions and 141 month sentence for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2000), armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a)-(d) (2000), and brandishing a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000).

First, Lawson asserts the Government improperly vouched for a witness and thereby deprived Lawson of his right to a fair trial. We review this claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Even assuming the Government made improper remarks, Lawson cannot prevail on this claim because he cannot establish that such remarks resulted in an unfair trial, given the isolated nature of the remarks and overall strength of the Government's case. *See United States v. Lewis*, 10 F.3d 1086, 1089 (4th Cir. 1993); *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983).

Second, Lawson asserts the district court erred in denying his request to represent himself pro se while retaining the assistance of advisory counsel. We review this claim de novo. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). Lawson cannot prevail on this claim because he agreed to be represented by his attorney, and because a defendant does not have a constitutional right to hybrid representation whereby he proceeds pro se with advisory counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998); *Singleton*, 107 F.3d 1100-01.

Third, Lawson asserts the evidence was insufficient to sustain his convictions because a primary witness against him was not credible. We review this claim to assess whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Lawson cannot prevail on this claim because witness credibility is not subject to appel-

late review. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997).

Fourth, Lawson asserts he was subjected to prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83, 86-88 (1963). Our review is plenary. *United States v. Ellis*, 121 F.3d 908, 927 (4th Cir. 1997). Lawson cannot prevail on this claim because he fails to establish the Government failed to disclose material evidence resulting in an unfair trial. *Brady*, 373 U.S. at 86-88; *United States v. Stokes*, 261 F.3d 496, 503 (4th Cir. 2001); *Spicer v. Roxbury Correctional Inst.*, 194 F.3d 547, 559-61 (4th Cir. 1999).

Fifth, Lawson asserts his multiple sentences for armed robbery and use of a firearm violates the constitutional prohibition against double jeopardy. We review this claim for plain error. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 731-32. Lawson cannot prevail on this claim because this Court has held multiple sentences for these crimes do not violate double jeopardy. *United States v. Shavers*, 820 U.S. F.2d 1375, 1377-78 (4th Cir. 1987).

Accordingly, we affirm Lawson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*